```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION

AMICA MUTUAL INSURANCE COMPANY,   )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    No. 4:07 CV 1745 DDN
                                  )
GARY WILLARD and                  )
ELYSIA WILLARD,                   )
                                  )
            Defendants.           )
```

**MEMORANDUM AND ORDER**
**REGARDING IN CAMERA REVIEW OF DOCUMENTS**

This action is before the court upon (a) the motion of plaintiff Amica Mutual Insurance Company to quash the subpoena and corresponding notice of deposition of plaintiff's counsel, Robert W. Cockerham, Esq., (Doc. 39); and (b) the motion of defendants to compel production of documents (Doc. 42).

The court has heard oral argument on the matter and has received the subject documents for *in camera* review along with privilege logs provided to counsel for the defendants. Plaintiff argues that the attorney-client privilege and the work product doctrine bar production of these documents to defendants Gary Willard and Elysia Willard.

Standards for review

In this action, to decide issues of state law, plaintiff invokes the diversity of citizenship subject matter jurisdiction of the court granted by 28 U.S.C. § 1332. Under that grant of jurisdiction, the court must look to the law of Missouri to decide the propriety of plaintiff's assertion of the attorney client privilege and the work product doctrine. See Fed. R. Evid. 501; Baryo v. Philip Morris USA, Inc., 2007 WL 2084111 at *4 (W.D.Mo. 2007).

The attorney-client privilege in Missouri law as expressed by the Missouri General Assembly provides thus:

> The following persons shall be incompetent to testify: . . . (3) An attorney, concerning any communication mad to the attorney by such attorney's client in that relation, or such attorney's advice thereon, without the consent of such client.

See R.S.Mo. § 491.060(3). See also, State ex rel. Great Am. Ins. Co. v. Smith, 574 S.W.2d 379, 382 (Mo. 1978)(§ 491.060(3) recognizes the common law doctrine regarding the privilege).

> The attorney-client privilege prohibits the discovery of confidential communications, oral or written, between an attorney and his client with reference to litigation pending or contemplated. To be privileged, the purpose of the communication between an attorney and client must be to secure legal advice.

Ratcliff v. Sprint Missouri, Inc., 261 S.W.3d 534, 546 (Mo. App. 2008)(internal citations, quotation marks, and ellipsis omitted).

Under Missouri law, attorney billing statements that contain no information covered by Mo. S. Ct. R. 4-1.6(a) are not protected from disclosure by the attorney-client privilege. Tipton v. Barton, 747 S.W.2d 325, 332 (Mo. App. 1988); Baryo v. Philip Morris USA, Inc., 2007 WL 2084111 at *4.

In Missouri law, the attorney work product doctrine has been defined as consisting

> of both work product (consisting of trial preparation documents such as written statements, briefs, and attorney memoranda) and intangible work product (consisting of an attorney's mental impressions, conclusions, opinions, and legal theories--sometimes called opinion work product).

State ex rel. Rogers v. Cohen, 262 S.W.3d 648, 654 (Mo. 2008).

### Review of documents

Applying the definitions of the attorney-client privilege and the work product doctrine, the court has reviewed the documents submitted by plaintiff and makes the following findings and conclusions:

**Documents 1-15** are protected by the attorney-client privilege.

**Document 16** is not protected by either the attorney-client privilege or the work product doctrine. Although it is a communication between attorney and client, it recounts only an administrative scheduling matter and does not involve any communication for the purpose of the attorney rendering legal advice.

**Document 17** is not protected by either the attorney-client privilege or the work product doctrine, for the reasons expressed regarding Document

16.

**Documents 18 and 19** are protected by the attorney-client privilege.

**Document 20** is an attorney fee bill voucher to the plaintiff with a transmittal letter. The specific entries on the bill voucher of the attorney's time and nature of work performed describe attorney work product. However, such is not the case with the transmittal letter and the last line on the last page of the invoice (showing the invoice total fee amount).

**Documents 21-22** are protected by the attorney-client privilege.

**Document 23** is not privileged by either the attorney-client privilege or the work product doctrine, being a transmittal letter forwarding a court reporter's fee bill to the plaintiff.

**Documents 24-25** are protected by the attorney-client privilege.

**Document 26** is not protected by the attorney-client privilege or the attorney work product doctrine, for the reason expressed for Document 20.

**Documents 27-28** are protected by the attorney-client privilege.

**Document 29** is not protected by the attorney-client privilege or the attorney work product doctrine, for the reason expressed for Document 23.

**Documents 30-32** are protected by the attorney-client privilege.

**Document 33** is not protected by the attorney-client privilege or the attorney work product doctrine, for the reasons expressed for Document 20.

**Documents 34-37** are protected by the attorney-client privilege.

**Documents 38-40** are not protected by the attorney-client privilege or the attorney work product doctrine, because they relate to the ordinary insurance business operation of the plaintiff.

**Documents 41-45** are protected by the attorney-client privilege.

Whereupon,

**IT IS HEREBY ORDERED** that the motion of defendants to compel the production of documents (Doc. 42) is sustained only in that plaintiff shall produce to defendants, not later than March 13, 2009, **Documents 16, 17, 20, 23, 26, 29, 33, 38, 39, and 40.** In all other respects the

motion to compel is denied.

**IT IS FURTHER ORDERED** that the motion of plaintiff to quash the subpoena and corresponding notice of deposition of plaintiff's counsel, Robert W. Cockerham, Esq., (Doc. 39) is sustained.

/S/    David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 5, 2009.