```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

AMICA MUTUAL INSURANCE COMPANY  )
                                )
            Plaintiff,           )
                                )
      v.                         )      No. 4:07 CV 1745 DDN
                                )
 GARY WILLARD and                )
ELYSIA WILLARD,                  )
                                )
            Defendants.          )

**MEMORANDUM AND ORDER**
**REGARDING POST-VERDICT ISSUES**

This action is before the court on the motions of plaintiff Amica Mutual Insurance Company (Amica) for a bill of costs (Doc. 128) and for recoupment of advance payments, expenses, and attorneys' fees (Doc. 129). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). (Doc. 12.)

**I. BACKGROUND**

On October 12, 2007, Amica commenced this action against Gary and Elysia Willard, seeking a declaratory judgment that the Willards breached the insurance policy it issued when they intentionally set fire to their property. (Doc. 1.) On October 30, 2009, a jury returned a special verdict in plaintiff's favor. (Doc. 121.)

**II. SPECIAL VERDICT**

In deciding the facts at issue, the jury responded to the following questions with these answers:

> 1. Do you find that the fire that occurred at the dwelling of defendants Gary Willard and Elysia Willard on September 15, 2006, was intentionally set by, or at the direction of, Gary Willard or Elysia Willard or both of them? Answer: <u>Yes</u> (Yes or No)
>
> 2. Do you find that, after the fire loss of September 15, 2006, either defendant Gary Willard or defendant Elysia Willard, or both of them, intentionally concealed,

misrepresented, or made a false statement regarding a material fact or circumstance relating to
    a. the extent of damage to, the value of, the existence of, or the age of any of the items of personal property claimed to have been lost or damaged by the fire of September 15, 2006?
    Answer: <u>Yes</u> (Yes or No)

    b. the cause of the fire of September 15, 2006?
    Answer: <u>Yes</u> (Yes or No)

3. Do you find that, after the fire loss on September 15, 2006, defendant Gary Willard's destruction of the dwelling
    a. was done with the intent to cause a loss?
    Answer: <u>Yes</u> (Yes or No)

    b. caused prejudice to plaintiff Amica Mutual Insurance Company?
    Answer: <u>Yes</u> (Yes or No)

4. Do you find that, after the fire loss on September 15, 2006, either defendant Gary Willard or defendant Elysia Willard, or both of them,
    a. did not show the damaged dwelling or personal property when requested by plaintiff Amica Mutual Insurance Company and plaintiff was thereby prejudiced?
    Answer: <u>Yes</u> (Yes or No)

    b. did not provide plaintiff Amica Mutual Insurance Company with any record or document when requested by plaintiff and plaintiff was thereby prejudiced?
    Answer: <u>Yes</u> (Yes or No)

    c. engaged in fraudulent conduct relating to the claimed loss by:
        i. making false statements in the insurance claim or other statements with the intent to deceive plaintiff Amica [Mutual] Insurance Company?
        Answer: <u>Yes</u> (Yes or No)

        ii. destroyed the dwelling with the intent to prejudice plaintiff Amica Mutual Insurance Company?
        Answer: <u>Yes</u> (Yes or No)

    d. failed to prepare an inventory of damaged personal property showing the quantity, description, age, actual cash value and amount of loss and did not attach all bills, receipts and related documents regarding the damaged personal property and plaintiff was thereby prejudiced?
    Answer: <u>Yes</u> (Yes or No)

  e. failed to cooperate with plaintiff Amica Mutual Insurance Company during the claim process and plaintiff was thereby prejudiced?
  Answer: <u>Yes</u> (Yes or No)

(<u>Id.</u>)

### III. BILL OF COSTS

As the prevailing party, Amica moves for a bill of costs in the amount of $7,488.00. (Doc. 128.) The Willards object to two items in the bill of costs, the mediation fee of $858.01, and the court reporter fees of $1,169.27, that stem from an examination that occurred before the lawsuit. (Doc. 132.)

Under Rule 54(d), costs, other than attorney's fees, should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Rule 54 creates a presumption that the prevailing party be awarded costs. <u>Computrol, Inc. v. Newtrend, L.P.</u>, 203 F.3d 1064, 1072 (8th Cir. 2000). But despite this presumption, the district court still retains substantial discretion in awarding costs to the prevailing party. <u>Greaser v. State of Mo., Dep't of Corrs.</u>, 145 F.3d 979, 985 (8th Cir. 1998).

Mediation costs are not taxable. <u>Johnson v. Bergh</u>, No. 4:06 CV 605 CDP, 2009 WL 36421, at *1 (E.D. Mo. Jan. 6, 2009). Accordingly, the mediation fee of $858.01 will be deducted.

Fees for the transcripts obtained from the court reporter are specifically covered under Rule 54(d), provided the transcripts were "obtained for use in the case." 28 U.S.C. § 1920(2). To fall under § 1920, a deposition cannot have been taken solely for the purpose of investigation. <u>Stewart v. City of St. Louis</u>, No. 4:04 CV 885 RWS, 2007 WL 2994444, at *2 (E.D. Mo. Oct. 10, 2007). "Depositions that are merely investigative, preparatory, or useful for discovery, rather than for the presentation of the case typically are not taxable costs." <u>Thompson v. Guntharp</u>, No. 3:07 CV 10 GTE, 2007 WL 4468692, at *2 (E.D. Ark. Dec. 17, 2007). When a deposition occurs before the filing of a case, the costs associated with that deposition can be seen as investigatory and not necessarily obtained for use in the case. <u>Transam. Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.</u>, No. C06-110 MWB,

2009 WL 2584838, at *5 (N.D. Iowa Aug. 17, 2009) (deducting the costs of depositions incurred before the filing of the lawsuit). This is true even if the depositions may ultimately prove "highly useful" at trial. Am. Auto. Accessories, Inc. v. Fishman, 991 F. Supp. 995, 997 (N.D. Ill. 1998) (deducting the costs of depositions incurred before the filing of the lawsuit).

Amica's invoices reveal that two depositions occurred before the lawsuit was filed – one on April 19, 2007, and a second on July 27, 2007. (Doc. 128 at 9, 11.) Respectively, these depositions cost $1,034.91, and $84.36. (Id.) There is also a $50.00 cancellation charge that was billed on July 17, 2007. (Id. at 10.) Looking to Transamerica and Fishman, these three amounts, or $1,169.27, will be deducted from the final amount.

Deducting the mediation fee ($858.01) and the pre-lawsuit deposition fees ($1,169.27) from the original bill of $7,488.00, Amica may recover the sum of $5,460.72 from the defendants Gary Willard and Elysia Willard as costs.

## IV. RECOUPMENT AND ATTORNEYS' FEES

After the fire occurred at the Willards' property, Amica made an advance payment to the Willards in the amount of $32,122. The amount represented a $10,000 advance on contents and $22,122 advance for additional living expenses. Amica argues that Missouri law entitles an insurer to recover advance payments made to the insured in the case of arson and intentional misrepresentation by the insured. Amica argues that the Willards would be unjustly enriched if they were allowed to keep the advance payments. Amica also seeks to recover attorneys' fees of $195,025.50, and expenses of $23,862.95. The calculation of expenses excludes items already submitted in the bill of costs. (Docs. 130, 133.)

In response, the Willards argue that Amica cannot recover either its advance payments or its attorneys' fees. The Willards argue that Amica waived its right to recoupment when the company made its advance payments. The Willards also argue that Missouri law does not support

an award of attorneys' fees, and that any award would be unreasonable. (Doc. 131.)

### V. DISCUSSION

After deliberation, the jury found that the Willards were responsible for intentionally setting the fire that destroyed their property. The jury also found that the Willards intentionally concealed and misrepresented several material facts related to both the property and the nature of the fire. (Doc. 121.) Together, these two findings voided the policy. See Cedar Hill Hardware and Constr. Supply, Inc. v. Ins. Corp. of Hannover, No. 4:04 CV 743 DJS, 2006 WL 2862145, at *1 (E.D. Mo. Oct. 4, 2006), aff'd, 563 F.3d 329 (8th Cir. 2009). Indeed, the plain language of the policy declared that

> **SECTION I - EXCLUSIONS**
> **A.** We do not insure for loss caused directly or indirectly by any of the following. . . .
>
> **8. Intentional Loss**
> Intentional Loss means any loss arising out of any act an **insured** commits or conspires to commit with the intent to cause a loss. In the event of such loss, no **insured** is entitled to coverage, even **insureds** who did not commit or conspire to commit the act causing the loss.
>
> . . .
>
> **SECTION I - CONDITIONS**
> **Q. Concealment Or Fraud**
> We provide coverage to no **insureds** under this policy if, whether before or after a loss, an **insured** has:
>     1. Intentionally concealed or misrepresented any material fact or circumstance;
>     2. Engaged in fraudulent conduct; or
>     3. Made false statements;
>     relating to this insurance.

(Doc. 1, Ex. A at 13-14, 15, 18.)

When an insured's intentional concealment or material misrepresentations have voided an insurance policy, "the property insurer is entitled to recoupment and restitution of the amount it paid to the insured or to the insured's mortgagees." Cedar Hill Hardware, 2006 WL 2862145, at *1. Because there is no dispute concerning the

amount of the advancement, Amica is entitled to recoup its advance payment of $32,122 from the Willards.

Amica also seeks to recover its attorneys' fees and expenses. State law determines whether a court may award attorneys' fees in a declaratory judgment action. Id. at *3. With a few exceptions, Missouri observes the American rule that each party must bear its own attorneys' fees. Id. at *3-*4. However, a contractual agreement or a statute's authorization can change this arrangement. Id.

Under Missouri law, the court "may make such award of costs as may seem equitable and just" in a declaratory judgment action. Id. at *4 (citing Mo. Rev. Stat. § 527.100). Under § 527.100, the term "costs" can include attorneys' fees, provided special circumstances exist. Id. The exception for "special circumstances" is narrow and must be strictly applied. Id. Taken together, the court must balance the command that an award be "equitable and just," yet reserved for "special circumstances." Id.

Given these competing interests, courts have reached opposite conclusions. Compare Wells v. Farmers Alliance Mut. Ins. Co., No. 2:07 CV 36 ERW, 2009 WL 2836502, at *1-*2, *12 (E.D. Mo. Aug. 28, 2009) (declining to award attorneys' fees and expenses, even though the jury found the insured had intentionally concealed or misrepresented material facts); Cedar Hill Hardware, 2006 WL 2862145, at *1, *4 (declining to award attorneys' fees, even though the jury found the insured intentionally concealed or misrepresented material facts), with Wiles v. Capitol Indem. Corp., 204 F. Supp. 2d 1207, 1208-09 (E.D. Mo. 2002) (awarding attorneys' fees and expenses, where the jury found the insured had intentionally concealed or misrepresented material facts); Allstate Ins. Co. v. Estes, 118 F. Supp. 2d 968, 974 (E.D. Mo. 2000), aff'd, 16 F. App'x 534 (8th Cir. 2001) (unpublished per curiam) (awarding attorneys' fees and costs, where the insured had pleaded guilty to arson).

In this case, the jury found the Willards had intentionally concealed and misrepresented material facts about the property and the cause of the fire. The jury also found that the Willards were responsible for intentionally setting the fire that destroyed their

property.  (Doc. 121.)  This was not a case involving an ambiguous insurance provision, or a case about the amount of damages to award. This was a case where the jury found the insured committed fraud, as well as arson.  These findings provide the "special circumstances" necessary for an award of attorneys' fees.

Section 527.100 may also justify an award of expenses, though it is unclear exactly which expenses are permitted.  See Wells, 2009 WL 2836502, at *12.  In Wells, the district court found witness expenses, travel expenses, and mediation expenses were not covered by the statute. Id.  In this case, Amica seeks $23,862.95 in expenses.  (Doc. 130 at 4.) However, Amica does not provide any indication for how it arrived at this figure.  The company has attached a few receipts, including one for a fire consultant, a hotel stay, and for something billed as "surveillance."  Yet, the hotel bill appears to have been billed to the defendants' lawyers, not Amica's lawyers, and there is no explanation of the "surveillance" bill. (Doc. 129, Ex. D at 14-16.)  Finally, Amica has attached a ten-page print-out of its claim file on the Willards. The claim file includes dollar amounts, but it is unclear whether the amounts represent Amica's expenses, or whether the amounts represent the advance payments already discussed.  (Id. at 1-10.)  Without a clear, itemized breakdown of the expenses, Amica's request for $23,862.95 in expenses is denied.

## VI. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiff Amica Mutual Insurance Company for a bill of costs (Doc. 128) is granted in part and denied in part.  Amica Mutual Insurance Company is entitled to recover the sum of $5,460.72 as costs from the defendants Gary Willard and Elysia Willard.

**IS FURTHER ORDERED** that Amica Mutual Insurance Company is entitled to recoup its advance payment of $32,122 from Gary Willard and Elysia Willard.

**IS FURTHER ORDERED** that Amica Mutual Insurance Company is entitled to recover the sum of $195,025.50 as attorneys' fees from Gary Willard and Elysia Willard.

**IS FURTHER ORDERED** that the request of Amica Mutual Insurance Company to recover expenses is denied.

          /S/    David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 28, 2010.